■ C., Appellant, v STATE OF NEW YORK, Respondent.—In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Lyons, J.), dated April 25, 1990, which, after a nonjury trial, dismissed the claim.

Ordered that the judgment is affirmed, without costs or disbursements.

The claimant is an inmate housed in the Victim Prone Unit (hereinafter VPU) of the Green Haven Correctional Facility. The VPU is a segregated unit for inmates who are unable to

function safely within the general population. The claimant had been assigned to the VPU based upon his classification as an informer.

On the afternoon of December 22, 1984, the claimant was injured when another inmate, Bruce Roudette, jabbed the claimant in the eye with a crutch through the bars of the claimant's cell. Roudette had been assigned to porter and "feed-up" duties, requiring that Roudette assist with the distribution and collection of meal trays in the VPU. This assignment gave Roudette, who had a history of threats and insubordination, the freedom to move about the VPU.

The claimant subsequently filed the instant claim to recover damages for his injuries. The claimant alleged, *inter alia,* that based on Roudette's prior history, the State had been negligent in assigning him to porter/feed-up duties.

We agree with the Court of Claims that Roudette's assignment to the duties in question was a discretionary act protected by qualified immunity. The Court of Appeals has stated that qualified immunity shields the government from liability "except when there is bad faith or the action taken is without a reasonable basis" *(Arteaga v State of New York,* 72 NY2d 212, 216). Viewed within these parameters, the Court of Claims properly granted the respondent's motion for judgment during trial as a matter of law on the claimant's theory of negligent assignment.

Since this is the only issue raised on appeal, the judgment appealed from is affirmed. Mangano, P. J., Thompson, Eiber and Ritter, JJ., concur.